# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

In the Matter of:
Hugh Edward Cavendish	Case No. 17-57206
	Chapter 7
    Debtor.	Hon. Thomas J. Tucker
_____/

Kenneth Nathan, Trustee	Adv. Pro. No. 19-04061
    Plaintiff,	Hon. Thomas J. Tucker
v.

**TINA CAVENDISH**,

    Defendant.
_____/

## ANSWER TO COMPLAINT

Now comes Tina Cavendish (Defendant), by and through her attorneys, the Michigan Bankruptcy Headquarters, and answers Plaintiff's complaint as follows in like manned paragraphs:

1. This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to Bankruptcy Rule 7001(1).

*ANSWER:*

*Without admitting to the validity of the allegations herein, Defendant admits to paragraph 1.*

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(H) and 28 U.S.C. § 1334

*ANSWER:*

*Without admitting to the validity of the allegations herein, Defendant admits to paragraph 2.*

3. Hugh Edward Cavendish ("Debtor") filed his voluntary Chapter 7 petition on December 15, 2017 ("Petition Date").

***ANSWER:***

*Admitted.*

4. Plaintiff is the duly appointed as the Chapter 7 Trustee in this matter.

***ANSWER:***

*Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 4.*

5. Upon information and belief, Tina Cavendish is an individual residing at 51602 Huntley Ave., New Baltimore, MI 48047-6507 ("the Huntley Ave. property").

***ANSWER:***

*Defendant admits only that she resides at 51602 Huntley Ave., New Baltimore, MI and denies any other allegations.*

6. Tina ("Defendant") is Debtor's wife, an insider of the Debtor pursuant to 11 U.S.C. §101(31)(A) and M.C.L. §. 566.31 et seq., for all relevant purposes.

***ANSWER:***

*Defendant admits only that she is currently married to Debtor and has been since July 2, 2009.*

7. Upon Information and belief, Debtor was the sole owner of the Huntley Ave. property, prior to January 22, 2013. See attached Exhibit A.

***ANSWER:***

*Admitted.*

8. On January 22, 2013, Debtor transferred a half interest in the Huntley Ave. property to Defendant via quit claim deed ("the transfer"). See attached Exhibit B.

***ANSWER:***

*Defendant admits only that, for the purposes of estate planning, Debtor transferred via a quit claim deed a marital interest in the Huntley Ave. property.*

9. Upon information and belief, there was significant equity in the Huntley Ave. property on the date of the transfer.

***ANSWER:***

*Denied for the reason that the allegation is untrue.*

10. Upon information and belief, the Huntley Ave. property was purchased pursuant to a property foreclosure auction, therefore, the actual fair market value of the home was much higher than what the purchase price suggests.

***ANSWER:***

*Denied for the reason that the allegation is untrue.*

11. Upon information and belief, at the time of the transfer, 22 months had passed since the mortgage was recorded on March 3, 2011, greatly increasing the already significant equity in the home. See attached Exhibit C.

***ANSWER:***

*Denied for the reason that the allegation is untrue.*

12. Upon information and belief, the property is valued in an amount no less than $233,470.00.

***ANSWER:***

*Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 12 and leaves the Trustee to his proofs.*

13. Pursuant to the January 22, 2013, quit claim deed, the transfer was made for nominal consideration of $1.00. See attached Exhibit B.

***ANSWER:***

*Defendant neither admits nor denies the allegations in paragraph 13, but merely states that the document speaks for itself.*

14. Therefore, Debtor did not receive reasonably equivalent value in exchange for the property transfer.

*ANSWER:*

*Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 14 and leaves the Trustee to his proofs.*

15. Upon information and belief, the value of the interest transferred by Debtor is in an amount not less than $116,735.00O.

*ANSWER:*

*Denied for the reason that the allegation is untrue.*

16. On the date of the transfer, Debtor was insolvent, or was rendered insolvent due to the transfer. A significant portion of the scheduled claims in this case arise from business litigation, where Debtor was the named Defendant, filed near the time of the transfer.

*ANSWER:*

*Denied for the reason that the allegation is untrue.*

### COUNT I
### AVOIDANCE OF VOIDABLE TRANSACTION PURSUANT TO THE MICHIGAN UNIFORM FRAUDULENT TRANSFER ACT AND LIABILITY FOR THE TRANSFER PURSUANT TO 11 U.S.C. §550

17. The Trustee incorporates by reference all prior paragraphs.

*ANSWER:*

*Debtor incorporates by reference all answers to prior paragraphs.*

18. 11 U.S.C. § 544(a) and (b) gives the Trustee the power to avoid any transfers that would be avoidable by Debtor's creditors under applicable state law.

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 18.*

19. 11 U.S.C. §550(a) states:

    (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553 (b), or 724 (a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

    (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

    (2) any immediate or mediate transferee of such initial transferee.

*ANSWER:*

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 19.*

20. The Michigan Uniform Fraudulent Transfer Act, M.C.L. § 566.31 et seq. ("UFTA"), is applicable state law that the Trustee can use to avoid transfers described in 11 U.S.C. § 550(a).

*ANSWER:*

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 20.*

21. M.C.L. § 566.34 states:

    (1) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following circumstances:

    (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:

(i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

(ii) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

***ANSWER:***

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 21.*

22. M.C.L. § 566.35 states:

(1) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(2) A transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

***ANSWER:***

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 22.*

23. M.C.L. § 566.38 states:

(2) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under section 7(1)(a), the creditor may recover a judgment for the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against either of the following:

> (a) The first transferee of the asset or the person for whose benefit the transfer was made.

> (b) Any subsequent transferee other than a good-faith transferee who took for value or from any subsequent transferee.

(3) If the judgment under subsection (2) is based upon the value of the asset transferred, the judgment shall be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require.

***ANSWER:***

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 23.*

24. M.C.L.§ 566.39 states:

A claim for relief with respect to a transfer or obligation under this act is extinguished unless action is brought within 1 or more of the following time periods:

> (a) Except as otherwise provided in subdivision (c), if the claim for relief is under section 4(1)(a) or (b) or 5(1), within the time provided in section 5813 or 5855 of the revised judicature act of 1961, 1961 PA 236, MCL 600.5813 and 600.5855.

***ANSWER:***

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 24.*

25. M.C.L. §600.5813 states:

   All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.

**ANSWER:**

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 23.*

26. Debtor made a transfer of the Huntley Ave. property when he deeded it to his wife.

**ANSWER:**

*Admitted.*

27. The transfer was made within six (6) years prior to the filing of Debtor's bankruptcy case.

**ANSWER:**

*Defendant admits only that Debtor executed and recorded a quit claim deed on January 22, 2013 and denies all other allegations.*

28. Debtor did not receive reasonably equivalent value in exchange for the transfer.

**ANSWER:**

*Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 28 and leaves the Trustee to his proofs.*

29. The transfer was made when Debtor was insolvent, or the transfer rendered Debtor insolvent.

**ANSWER:**

*Denied for the reason that the allegation is untrue.*

30. Alternatively, Debtor intended to incur, or believed it would incur, debts that would be beyond his ability to pay as such debts matured.

**ANSWER:**

*Denied for the reason that the allegation is untrue.*

31. Alternatively, the Debtor was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with Debtor was unreasonably small capital.

**ANSWER:**

*Denied for the reason that the allegation is untrue.*

32. The Trustee may avoid the transfer as a fraudulent conveyance pursuant to M.C.L. §566.31 et seq. and recover damages from the Defendant pursuant to M.C.L. §566.38.

**ANSWER:**

*Denied for the reason that the allegation is untrue.*

WHEREFORE, Debtor requests that this Court enter an Order dismissing Plaintiff's complaint.

## COUNT II
## PRESERVATION OF AVOIDED TRANSFER
## PURSUANT TO 11 U.S.C. § 551

33. The Trustee incorporates by reference all prior paragraphs.

**ANSWER:**

*Debtor incorporates by reference all answers to prior paragraphs.*

34. Pursuant to 11 U.S.C. § 551, any transfer avoided under 11 U.S.C. § 544 is automatically preserved for the benefit of the estate.

**ANSWER:**

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 34.*

WHEREFORE, Debtor requests that this Court enter an Order dismissing Plaintiff's complaint.

## COUNT III
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

35. The Trustee incorporates by reference all prior paragraphs.

***ANSWER:***

*Debtor incorporates by reference all answers to prior paragraphs.*

36. Defendant is the recipient of a fraudulent conveyance, which Plaintiff may avoid pursuant to M.C.L. § 566.31 et seq.

***ANSWER:***

*Denied for the reason that the allegation is untrue.*

37. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity from which property is recoverable pursuant to 11 U.S.C. § 548.

***ANSWER:***

*Trustee makes a recitation of law that Defendant neither admits nor denies but denies any and all other allegation set forth in paragraph 37.*

38. Because Defendant has not paid or surrendered the transfer to Plaintiff, any claims of Defendant must be disallowed.

***ANSWER:***

*Denied for the reason that the allegation is untrue.*

## CONCLUSION AND REQUEST FOR RELIEF

Debtor requests that this Court enter an Order dismissing Plaintiff's complaint in its entirety.

Respectfully submitted,

Michigan Bankruptcy Headquarters

Dated: March 8, 2019            /s/ Joseph P. Saulski
                                Joseph P. Saulski (P60223)
                                Michigan Bankruptcy Headquarters
                                6515 Highland Rd., Suite 100
                                Waterford, Michigan 48327
                                jsaulski@saulskilaw.com
                                248-666-6664
                                Attorney for Debtor & Defendant