UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

HUGH EDWARD CAVENDISH,

        Debtor.
_____/

Case No. 17-57206

Chapter 7

Judge Thomas J. Tucker

KENNETH A. NATHAN, TRUSTEE,

        Plaintiff,

vs.

TINA L. CAVENDISH,

        Defendant.
_____/

Adv. Pro. No. 19-4061

**OPINION AND ORDER DENYING THE MOTION BY DEFENDANT
TO SET ASIDE DEFAULT JUDGMENT**

This case is before the Court on the Defendant Tina Cavendish's motion entitled "Motion to Set Aside Default Judgment," filed on November 9, 2019 (Docket # 49, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the default judgment entered on September 9, 2019 (Docket # 45, the "Default Judgment"). The Court will deny the Defendant's Motion, for the following reasons.

**First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

**Second,** the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the Default

Judgment.

**Third,** the Motion alleges, in effect, that the Default Judgment was entered because of neglect or a mistake by the Defendant's attorney, namely, the failure by Defendant's counsel to appear at the September 9, 2019 final pretrial conference. The Motion alleges that this failure to appear was because of "an error in Defendant's counsel's scheduling and calendaring process." (Motion at ¶ 7).[1] That failure to appear was only one of two independent reasons why the Default Judgment was entered, as discussed below. But in any event, any neglect or mistake by the Defendant's attorney must be deemed attributable to the Defendant, for purposes of determining whether there was excusable neglect or mistake. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable") (italics in original). In the *Pioneer* case, the United States Supreme Court reasoned:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" . . .
>
> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their

---

[1] Defense counsel continues to have a problem in consistently stating the correct date of the final pretrial conference. The Motion states at least twice that the Court's Scheduling Order set the final pretrial conference for September 24, 2019. (Motion at ¶ 3; Motion Brief at pdf page 8). That is incorrect — the Adversary Proceeding Scheduling Order, entered on April 1, 2019, clearly scheduled the final pretrial conference for September 9, 2019 at 9:00 a.m. September 24, 2019 was the trial date. (*See* Docket # 12 at 2).

chosen counsel.

507 U.S. at 397 (quoting, in part, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

The allegations of the Motion do not demonstrate a mistake or neglect by the Defendant's attorney that is excusable. Under the circumstances, the type of mistake or neglect by the Defendant's attorney that is alleged in this case is not "excusable neglect." *See, e.g., Symbionics, Inc. v. Ortlieb*, 432 Fed. App'x. 216, 220 (4th Cir. 2011) (holding "that the district court abused its discretion when it determined that . . . counsel's computer calendaring error constituted excusable neglect"); *In re Bonfiglio*, No. 18-8004, 2018 WL 5295879, at *5 (B.A.P. 6th Cir. Oct. 24, 2018) (holding that a litigation error (failing to respond to a motion to avoid a lien which resulted in lien avoidance) was not "excusable neglect").

In *Bonfiglio*, for example, the Sixth Circuit Bankruptcy Appellate Panel held that:

> "'case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1).'" *Barron v. Univ. of Mich.*, 613 F. App'x. 480, 487 (6th Cir. 2015) (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)).

2018 WL 5295879, *at *4.

In the *Symbionics* case, the United States Court of Appeals for the Fourth Circuit discussed in detail the application of the four *Pioneer* factors "to be considered in determining whether excusable neglect exists" in this type of attorney-error situation. 432 Fed. App'x at 219.[2] Among other things, *Symbionics* held that the third *Pioneer* factor, which the court phrased

---

[2] "They are: '[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay,

3

as "the untimely party's reason for the delay," and which *Pioneer* phrased as "the reason for the delay, including whether it was within the reasonable control of the movant," is "the most important to the excusable neglect inquiry." *Id.* (citation omitted). In *Symbionics*, the Fourth Circuit held that the attorney's neglect in that case — a miscalculation of the appeal deadline allegedly caused by "a quirk in the functionality of counsel's computer calendar" — was not excusable neglect. *Id.* at 218, 220. After noting that "[e]xcusable neglect is not easily demonstrated, nor was it intended to be," the Fourth Circuit found as follows:

> We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1). Counsel's total dependence on a computer application — the operation of which counsel did not completely comprehend — to determine the filing deadline for a notice of appeal is neither "extraneous" to nor "independent" of counsel's negligence. Rather, the failure to discover that the calendar display had reverted to January 2009, and the reliance on the resulting incorrect deadline computation, are the very essence of counsel's negligence here. Furthermore, **this neglect is precisely the sort of "run-of-the-mill inattentiveness by counsel" that we have consistently declined to excuse in the past.**

*Id.* at 220 (emphasis added) (citations omitted) (internal record citation omitted).

The reasoning and holding of *Symbionics* applies to this case. In this case we have, at best from Defendant's perspective, a case of "run-of-the-mill inattentiveness by counsel." The

---

including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.' *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489 (interpreting 'excusable neglect' in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure)."

*Id.*

"error in Defendant's counsel's scheduling and calendaring process" alleged in the Motion is not a valid excuse for defense counsel's failure to be conscious of, and attend, the September 9, 2019 final pretrial conference. This is particularly so in this case, given that Defendant's attorney personally attended the April 1, 2019 scheduling conference, during which the Court orally announced that the final pretrial conference would be September 9, 2019 at 9:00 a.m.,[3] and following which the Court promptly issued its scheduling order confirming that date and time. (Docket # 12 at 2).[4]

**Fourth**, the Default Judgment was not entered solely because of Defendant's counsel's failure to appear at the final pre-trial conference on September 9, 2019. That was only one of two reasons for the Court's entry of the Default Judgment. As is clear from the Court's oral ruling made on the record during the September 9, 2019 final pretrial conference,[5] the Default Judgment also was entered based on L.B.R. 7016-1(c) (E.D. Mich.) because of the Defendant's attorney's failure to cooperate in the preparation of a proposed joint final pretrial order. The Motion alleges no reason, let alone a valid excuse, for defense counsel's failure to cooperate in the preparation of a proposed joint final pretrial order, as required by L.B.R. 7016-1(a) and (c) and by Section II of the Adversary Proceeding Scheduling Order entered on April 1, 2019

---

[3] A digital audio recording of the April 1, 2019 scheduling conference is on file, at Docket # 14 in this adversary proceeding.

[4] The Motion argues at some length that Defendant has a meritorious defense to present if relief from the Default Judgment is granted. But the Court may not consider this issue — whether Defendant can present a meritorious defense to Plaintiff's claim(s) — unless and until the Court *first* finds that there was neglect or mistake that is "excusable" under Rule 60(b)(1). *See*, *e.g.*, *In re Sharkey*, 560 B.R. 470, 472 (Bankr. E.D. Mich. 2016) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

[5] A digital audio recording of the September 9, 2019 final pretrial conference is on file, at Docket # 47 in this adversary proceeding.

(Docket # 12).

**Fifth**, the Motion, which was filed a full two months after entry of the Default Judgment, is untimely. This is because (1) to the extent it is viewed as a motion for reconsideration, the Motion was not filed within 14 days after entry of the Default Judgment, as required by L.B.R. 9024-1(a)(1) (E.D. Mich.); and (2) to the extent it is viewed as a motion under Fed. R. Civ. P. 60(b), the Court finds that the Motion was not filed "within a reasonable time," as required by Fed. R. Civ. P. 60(c)(1). The Motion alleges no reason, let alone a valid excuse, for Defendant's failure to seek relief from the Default Judgment for so long as two months.

For the foregoing reasons,

IT IS ORDERED that the Motion (Docket # 49) is denied.

**Signed on November 14, 2019**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge